## BALDWIN *v.* HERATY.

1. STREET RAILWAYS—RIDING ON TRACKS—CONTRIBUTORY NEGLIGENCE.

   Testimony of a witness that, so far as his observation went, it was customary for defendant's street cars to go north upon the easterly one of its tracks, does not prove such an invariable custom as would excuse a person riding on the easterly track from looking back before turning upon the other track when he heard a car approaching.

2. SAME—SUBSEQUENT NEGLIGENCE.

   Plaintiff's intestate was riding a bicycle on a street-car track, and, hearing a car approaching, which he thought was on the same track, turned upon another track to allow the car to go by. As the car approached nearer, the bell was continually rung, but decedent, failing to get off the track, was struck and killed. *Held*, that the evidence did not show that those in control of the car could have prevented the accident after discovering the negligence of decedent.

Error to Bay; Shepard, J. Submitted January 6, 1904. (Docket No. 6.) Decided March 8, 1904.

Case by Sarah A. Baldwin, administratrix of the estate of Floyd Baldwin, deceased, against Michael P. Heraty and John C. Weadock, receivers of the Bay Cities Consolidated Street-Railway Company, for the alleged negligent killing of plaintiff's intestate. From a judgment for defendants, plaintiff brings error. Affirmed.

*Pierce & Kinnane*, for appellant.

*T. A. E. & J. C. Weadock*, for appellees.

HOOKER, J.   The plaintiff is a widow, and the mother and administratrix of one Floyd Baldwin, deceased.   She brought this action to recover damages suffered by her, as to her support, by reason of the death of said Floyd, who was run over and killed by the defendants' street car.

Floyd Baldwin and one George Willis were riding north upon their bicycles.   Willis was upon the easterly of defendants' two tracks, and deceased was riding between the tracks.   The street car approached from behind them. Supposing that the north-bound car was upon the easterly track, Willis suggested that they get over on the west track.   Deceased then turned upon the west track, and Willis between the tracks, and, according to his testimony, he also soon after rode onto the west track to allow the car to go by.   As the car approached nearer, Willis' attention was attracted by the continued clanging of the bell.   He turned his head and saw the car, shouted to Floyd to look out, and turned east and rode off the track, or dismounted and got off, receiving a slight injury to his shin, which he thought was struck by the car.   Almost immediately the car struck deceased's wheel, and pushed it ahead four or five feet.   He pedaled vigorously, but was overtaken within 15 or 20 feet, and killed.   The judge left the case to the jury, and a verdict was rendered for defendants, from which the plaintiff appealed.

The evidence conclusively shows that the deceased, knowing that the car was coming, and hearing its warning, rode in front of it without looking behind, upon the assumption that it was upon the easterly track.   This was contributory negligence, unless he had a right to rely upon the practice as an invariable one.   It was customary, and probably necessary, for the car to go north on the west track for a certain distance, and some cars did so regularly, and it was not negligence on defendants' part

to so run this car.   Plaintiff's proof shows that, so far as Willis' observation went, it was customary for north-bound cars to go upon the easterly track; but this was not proof of such uniformity of practice as to justify the decedent in taking it for granted that this car was upon the east track, and disregarding the duty of turning his head to see whether he was safe when he heard the bell.   The court might properly have said to the jury that the deceased was guilty of contributory negligence.

Plaintiff's counsel say that decedent's negligence was discovered, and that a recovery should be had upon the ground of subsequent negligence.   We think the case is devoid of any evidence warranting such an inference.

The judgment is affirmed.

The other Justices concurred.